CatRon, Ch. J. . ..
This question arises between execution creditors against the common debtor, where the judgments were recovered at the same term of the court. Has the judgment first entered a priority of lien over one of a subsequent date? In the case of Johnson vs. Ball, (1 Yerg. Rep. 291) the subject of lien underwent elaborate discussion. There the court held, that where executions were levied on the same property issuing from different courts, the oldest judgment must be first satisfied. It is there also holden, that executions do relate to their teste, as in England before the passage of the 29 Car. II, save some slight alterations by statute. The position is undoubtedly true, and. so is the case of Preston vs. Surgoine, Peck’s Rep. 80. The statute of 29 Car. goes much further to protect the purchaser from the debtor than ours, as to the goods, but it was made for the protection of purchasers. 2 Bac. Ab. Execution I. Before, the day of the rendition of the judgment could not be shown, and many times (says the preamble to the statute) judgments in the King’s court at Westminster, do relate to the first day of the term whereof they are entered, and bind the defendant’s lands from that time, although, in truth, entered and signed in vacation, after said term, whereby purchasers find themselves aggrieved. The term was but one day in legal justice. This fiction was adopted to attain the ends of justice. Our writ of fieri facias dates on its face from the first day of the term, recognizing the fiction, which exists in force, save in so far as exceptions are made to it by statutes. By common law, then, the judgment bound the lands from the first day of the term in which it purported to have been rendered, as between the living plaintiff and defendant. Has any statute of' North Carolina or Tennessee altered this common law rule? I think not; and that as to the plaintiffs against the same defendant, recovering judgments at the same term, though on different days thereof, the term must, still, for the obtainment of equal justice among them,, be taken as only one day.
*368 If the rule adopted m the county court, of ordering the executions to be satisfied rateably, has ever been vi-dated by the sheriffs or courts, I have no knowledge of it. And such was, I know, the advice of many of the profession at Nashville ten or twelve years since, in cases of magnitude and much interest to the parties concerned; who acted accordingly and divided the money. The fiction means nothing more nor less than that the parties have been equally vigilant in a case like the present; and that, when the money is returned into court by the sheriff, if there be not enough to pay the whole of the judgments by force of which it was collected, the court doing equity among its suitors, makes them abate rateably. Courts of law, as well as of equity, do not only compel suitors in court to do equity among other, by setting off mutual judgments, and entering up satisfaction and the like, but they compel their officers to do justice to each other, especially in matters of fees. Baker vs. Dacie, 6 Vesev, 688: Mar. and Yerg. 171, and authorities cited. When the executions issue from different courts, as in Johnson vs. Ball, then a positive rule must be adopted, because the one court has no control, or ráther efficient means of control, over the-suitors of the other. The creditors are not all before the same court, so that it can compel them to do justice among other; nor can it judge of the vigilance by the creditors.in obtaining their judgments and issuing their executions. This subject- is infinitely subtle and complex in its consequences when different jurisdictions conflict; but this is a new case, growing out of the nature of our institutions, and their dissimilarity from those of Great Britain, where no rule is found to apply to such a case; but in the present instance we find a rule.
Peck, J.
There is no aspect in which the question of the lien of a judgment can be presented, that is not subject to objection, if matters of convenience alone are looked to. The judgment of a county court is of just *369 as much validity as orle rendered by this court; while that court acts within its jurisdiction, and parties rest the judgment there, it is equally binding and final, and the. lien just as effectual as that of any other tribunal in the State.
It is said to appear inconsistent that the judgment of a county court rendered where the sitting had been but of á few days duration, should, by the’teste of the execution, loose the force of its'lien by reason that a judgment of this court sitting three months, had overreached it by relation to the first day of the term, and that in fact the estate might be seized and sold, subject to be defeated by the lien of the younger judgment rendered here.
There is no greater evil in this, than those that may be made to arise by even the voluntary act of a defendant, so far as creditors are concerned. A continuance, suffering judgment by default, a demurrer, reasons in arrest of judgment, appeal or writ of error, may either of them be resorted to, and give one plaintiff an advantage over another. It is not .vigilance simply that gives the advantage; circumstances over which the court has no control, may, and often does produce it; and courts must be content with the uniformity which will result from human institutions, at best imperfect, for every case of seeming hardship cannot be remedied.
Take for instance, the case first put, and it will form no ground for abandoning the rule which gives the lien from the teste. It is true, as stated, that this court sits for months, some of the county courts for days only; but the order of things is reversed when we get to Rey-noldsburgh. There the court at some of its sessions sits but one day; while the county**court at Nashville, and at other places, sits one month. In such cases, the justices of the county court would feel indignant, if by resorting to the very day the judgment was rendered, the ephemeral session (in a Cyprus' Swamp, without lawyers, books or courthouse,) should take precedence, and de~ *370 feal the judgment of their lengthy term. So too of the circuit court at Nashville, which sits perhaps as long as the supreme court at the same place, and much longer than that court at Joneshorough, Knoxville or Sparta. While ever we consider that there cannot be uniformity and entire equality in the rules touching this subject, it is useless to depart from the principle which gives the lien from the teste; indeed, to my mind the argument for allowing it in the cases brought into this court, is much the most reasonable; the delay which is usually incident upon the writ of error in a court thronged with business, argues powerfully in favor of the creditor here; he has been delayed perhaps for years, and when he gets his judgment affirmed, it does not relate to the proceédings of the inferior court, but he has to receive his judgment at our hands; and-it is but-reasonable we should give it to him with every allowance in his favor the law will tolerate,. Considering, therefore, that there are county courts, circuit and chancery courts, as well as this court, all issuing executions; that the length of the terms of these are various in the different sections of the State, the rule is the most safe which allows the lien as proposed in this opinion, and certainly it is no objection that it savors of fiction; for the courts being open, the times of sitting fixed by law, every man is supposed to know what is doing in these tribunals. If a purchaser at execution sale desires to be informed of the condition of causes and judgments, either rendered or anticipated, the means of knowing lie before him; and when the law of lien is permanently established, it is .improbable that he will bid at much risk; and this is one of the reasons of the maxim, caveat emptor, and why he cannot get his money back if he commit an error in purchasing.
But, aside from reasoning, how is the law? It is required by the constitution, that writs (executions) shall bear teste. This clause had meaning when inserted in *371 the constitution, and while we keep m mind that there ■. , e , . , . , x . , , was always a mode of thinking and treating the term as but one day, it was sensible to insert it. To many purposes our courts are always open. The issuing of process, and superceding it when improperly issued, are acts of every day’s occurrence, to prove that even the execution, which is said to be the life of the law, are under the control of the judge, though no court be sitting.
When the court .did set, judgments were not as at present entered every day, and. the minutes signed; journals of the proceedings were kept, it is true, during the whole term, and it may be dates were preserved; but it is equally true, they were then, as the minutes are now, under the control of the court while in session; and then, as at this day, entries were not made always on the very day the order was given for a judgment.
Judge Haywood, justly esteemed as profoundly read in the common law, had grown up with the practice in North Carolina, and has generally assisted in making the practice for us in this country, has given his views upon this subject in the case of Preston vs. Surguoin, Peck’s Rep. 80. There is no statute inconsistent with the common law rule, and certainly no good reason can be perceived for establishing by construction, a rule which shall conflict with those hitherto followed.
Cases have arisen where it became necessary to ascertain the particular day of the term, but that necessity arose from the nature of the transaction. As all our courts have a concurrent jurisdiction in the probate of deeds, it was found in Carmack’s case, that unless we could reach the day of probate, injustice would be done by the judgment (which was really younger) overreaching the deed, if such judgment be permitted to have effect from the first day of the term. The necessity here was obvious, but it did not change the rule; in fact it admits and recognizes it, for in the opinion it is at least intimated, if not ex *372 pressed, that the fiction may be disregarded where jus- , , , tioe requires it.
Being satisfied with the case of Preston vs. Surguoin, and knowing of no case where the court has come to a different result, let a division of the fund _in the hands of the sheriff, according to this opinion, he made rateably among the creditors.